IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 15-cv-02121-GPG
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

ANDREW J. O'CONNOR, as next friend on behalf of
      TEAGAN E. O'CONNOR, a minor,

      Plaintiff,

v.

TOBEY BASSOFF,
JOLENE RADOSTIS,
RICK KELLOGG,
ROBBYN FERNANDEZ,
BRUCE MESSINGER,
RYAN ELEMENTARY SCHOOL, and
BOULDER VALLEY SCHOOL DISTRICT NO. RE2, individually and severally,

      Defendants.

---

**SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND ORDER
DENYING EMERGENCY MOTION FOR DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF**

---

      Andrew J. O'Connor, as next friend on behalf of Teagan E. O'Connor, a minor,

initiated this action on September 25, 2015.  On September 28, 2015, the Court ordered

Plaintiff to cure certain designated deficiencies in his Complaint and Application to

Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 4).  Instead of

curing the deficiencies, on October 2, 2015, Plaintiff filed an Emergency Motion for

Declaratory Judgment and Injunctive Relief. (ECF No. 7).

It has come to the Court's attention that Plaintiff lacks standing to represent his minor child in this action. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam).  Under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child "cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Id.*; *accord Osei-Afriyie ex rel. Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990).  The general rule prohibiting non-attorney parents from representing their minor child in federal court is designed to protect the interests of the minor party and guard the judiciary's authority to govern those who practice in its courtrooms. *Adams ex re. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011); *cf. Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007) (holding that parents are entitled to prosecute IDEA claims on their own behalf, but explicitly not reaching issue of whether IDEA "entitles [non-attorney] parents to litigate their child's claims *pro se*."); *Miller ex rel. S.M. v. Board of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1244 (10th Cir. 2009).  Mr. O'Connor is not represented by an attorney.  Therefore, Mr. O'Connor may not represent his minor child in this action.

Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1)     __     is not submitted
(2)     __     is not on proper form (must use the court's current form)
(3)     __     is missing original signature by Plaintiff
(4)     __     is missing affidavit
(5)     __     affidavit is incomplete
(6)     __     affidavit is not notarized or is not properly notarized
(7)     __     names in caption do not match names in caption of complaint.



(8)  ___    other:

**Complaint or Petition**:

(9)   ___    is not submitted
(10)  ___    is not on proper form (must use the court's current form)
(11)  ___    is missing an original signature by the Plaintiff
(12)  ___    is incomplete
(13)  ___    uses et al. instead of listing all parties in caption
(14)  ___    names in caption do not match names in text
(15)  ___    addresses must be provided for all defendants/respondents in "Section A.
            Parties" of complaint, petition or habeas application
(16)  _X_    other:  Only Andrew O'Connor may be named as Plaintiff if he is
            proceeding *pro se.*  If he wishes to pursue claims on his minor child's
            behalf, he must be represented by an attorney.


As Plaintiff does not have standing to pursue this case, his Emergency Motion for

Declaratory Judgment and Injunctive Relief will be denied without prejudice.

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty**

**(30) days from the date of this order**.  Any papers that Plaintiff files in response to this

order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff must also cure the deficiencies designated in

the Court's September 28, 2015 Order (ECF No. 4) **within thirty days (30) days from**

**the date of this order**.  It is

FURTHER ORDERED that Plaintiff shall obtain and complete the court-approved

forms for filing an Application to Proceed in District Court Without Prepaying Fees or

Costs (Long Form) and a Complaint, along with the applicable instructions, at

www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies.

It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.  The dismissal shall be without prejudice.  It is

FURTHER ORDERED that Plaintiff's Emergency Motion for Declaratory Judgment and Injunctive Relief (ECF No. 7) is DENIED without prejudice.

DATED October 8, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
United States Magistrate Judge