IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02121-GPG

ANDREW J. O'CONNOR, as next friend on behalf of
    TEAGAN E. O'CONNOR, a minor,

    Plaintiff,

v.

TOBEY BASSOFF,
JOLENE RADOSTIS,
RICK KELLOGG,
ROBBYN FERNANDEZ,
BRUCE MESSINGER,
RYAN ELEMENTARY SCHOOL, and
BOULDER VALLEY SCHOOL DISTRICT NO. RE2, individually and severally,

    Defendants.

---

**ORDER DENYING AMENDED EMERGENCY MOTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

---

    Andrew J. O'Connor, as next friend on behalf of Teagan E. O'Connor, a minor, initiated this action on September 25, 2015. On September 28, 2015, the Court ordered Plaintiff to cure certain designated deficiencies in his Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 4). On October 5, 2014, Plaintiff filed an Amended Complaint (ECF No. 8) and an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 9). However, on October 8, 2015, the Court issued a Second Order Directing Plaintiff to Cure Deficiencies and an Order Denying Plaintiff's Emergency Motion for Declaratory Judgment and Injunctive Relief. (ECF No. 10). In the October 8, 2015 Order, the Court stated:

> It has come to the Court's attention that Plaintiff lacks standing to represent his minor child in this action. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam). Under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child "cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Id.*; *accord Osei-Afriyie ex rel. Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). The general rule prohibiting non-attorney parents from representing their minor child in federal court is designed to protect the interests of the minor party and guard the judiciary's authority to govern those who practice in its courtrooms. *Adams ex re. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011); *cf. Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007) (holding that parents are entitled to prosecute IDEA claims on their own behalf, but explicitly not reaching issue of whether IDEA "entitles [non-attorney] parents to litigate their child's claims *pro se*."); *Miller ex rel. S.M. v. Board of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1244 (10th Cir. 2009). Mr. O'Connor is not represented by an attorney. Therefore, Mr. O'Connor may not represent his minor child in this action.

(ECF No. 10 at 2).

Accordingly, Plaintiff was directed to cure the deficiencies in his complaint and either: (1) name only himself as Plaintiff if he is proceeding *pro se*, or (2) if he wishes to pursue claims on his minor child's behalf, he must be represented by an attorney. In addition to directing the Plaintiff to cure deficiencies, the Court also denied Plaintiff's Emergency Motion for Declaratory Judgment and Injunctive Relief without prejudice because Plaintiff did not have standing to pursue the case.

Plaintiff has failed to cure the deficiencies regarding his lack of standing. He has not filed an amended complaint as directed in the Court's October 8, 2015 Order. Instead, he has filed an Amended Emergency Motion for Declaratory Judgment and Injunctive Relief. (ECF No. 11). This Amended Emergency Motion will be denied because Plaintiff still does not have standing to pursue this case. Accordingly, it is

ORDERED that Plaintiff's Amended Emergency Motion for Declaratory Judgment and Injunctive Relief (ECF No. 11) is DENIED without prejudice.

DATED at Denver, Colorado, this  19th  day of   October  , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court