IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02121-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

ANDREW J. O'CONNOR,

 Plaintiff,

v.

TOBEY BASSOFF,
JOLENE RADOSTIS,
RICK KELLOGG,
ROBBYN FERNANDEZ,
BRUCE MESSINGER,
RYAN ELEMENTARY SCHOOL, and
BOULDER VALLEY SCHOOL DISTRICT NO. RE2, individually and severally,

 Defendants.

---

### THIRD ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

Andrew J. O'Connor, as next friend on behalf of Teagan E. O'Connor, a minor, initiated this action on September 25, 2015.  On September 28, 2015, the Court ordered Plaintiff to cure certain designated deficiencies in his Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 4).  Specifically, the Court directed Mr. O'Connor to file his complaint on the current court-approved form, to include the addresses for all defendants, and to accurately number his claims for relief.  In addition, the Court ordered Mr. O'Connor to provide accurate and consistent information regarding his income and employment on his § 1915 Application.

On October 5, 2015, Mr. O'Connor filed an Amended § 1915 Application and a Tendered Amended Complaint. (ECF No. 8).

On October 8, 2015, this Court filed a Second Order Directing Plaintiff to Cure Deficiencies. (ECF No. 10).  The Court noted Plaintiff lacked standing to represent his minor child in this action. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam).  Therefore, the Court ordered Plaintiff to file an amended complaint that named only himself as plaintiff if he wished to continue proceeding *pro se* or, if he wished to pursue claims on his minor child's behalf, he must be represented by an attorney.  The Plaintiff was ordered to cure the standing deficiency, as well as the deficiencies designated in the Court's September 28, 2015 Order.  The Court again specifically ordered Plaintiff to obtain and complete the court-approved form for filing a Complaint from the court website.

On October 19, 2015, the Plaintiff filed a Second Amended Civil Rights Complaint, naming only himself as Plaintiff.  (ECF No. 14).  However, the Second Amended Civil Rights Complaint is still deficient.  Plaintiff failed to use the current court-approved complaint form as directed.  As it appears Plaintiff was attempting to comply with the Court's order, he will be given one final opportunity to cure the deficiency.  Therefore, Plaintiff will be directed to cure the designated deficiency, and file an amended complaint on the current court-approved form if he wishes to pursue his claims in this action.  If he fails to do so within the time allowed, the action will be dismissed without further notice.

Local Civil Rules 1.2 and 5.1(c) for this Court require *pro se* litigants to use the Court-approved forms found on the Court's website.  The United States Court of

Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply).  Accordingly, it is

ORDERED that Plaintiff cure the deficiency designated above **within fourteen (14) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use the form to cure the above noted deficiency.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiency **within fourteen (14) days from the date of this order**, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED October 20, 2015, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge