IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02121-GPG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

ANDREW J. O'CONNOR,

    Plaintiff,

v.

TOBEY BASSOFF,
JOLENE RADOSTIS,
RICK KELLOGG,
ROBBYN FERNANDEZ,
BRUCE MESSINGER,
RYAN ELEMENTARY SCHOOL, and
BOULDER VALLEY SCHOOL DISTRICT NO. RE2, individually and severally,

    Defendants.

---

**FOURTH ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND DENYING MOTION FOR SANCTIONS AND MOTION FOR DEFAULT JUDGMENT**

---

Plaintiff, Andrew J. O'Connor, has filed *pro se* a Fourth Amended Complaint. (ECF No. 20). He has also filed a Motion for Default Judgment (ECF No. 21) and a Motion for Sanctions (ECF No. 22). Previously, the Court issued three separate orders directing the Plaintiff to cure certain designated deficiencies in his complaint.

On September 28, 2015, the Court specifically ordered Plaintiff to file his complaint on the current court-approved form, to include the addresses for all defendants, and to accurately number his claims for relief. (ECF No. 4). In addition, the Court ordered Mr. O'Connor to provide accurate and consistent information regarding

1

his income and employment on his § 1915 Application. (*Id.*)  On October 5, 2015, Mr. O'Connor filed an Amended § 1915 Application and a Tendered Amended Complaint. (ECF No. 8).

On October 8, 2015, this Court filed a Second Order Directing Plaintiff to Cure Deficiencies. (ECF No. 10).  The Court noted Plaintiff lacked standing to represent his minor child in this action. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam).  Therefore, the Court ordered Plaintiff to file an amended complaint that named only himself as plaintiff if he wished to continue proceeding *pro se* or, if he wished to pursue claims on his minor child's behalf, he must be represented by an attorney.  The Plaintiff was ordered to cure the standing deficiency, as well as the deficiencies designated in the Court's September 28, 2015 Order.

On October 19, 2015, the Plaintiff filed a Second Amended Civil Rights Complaint, naming only himself as Plaintiff.  (ECF No. 14).  However, the Second Amended Civil Rights Complaint was still deficient.  Plaintiff failed to use the current court-approved complaint form as directed.  On October 20, 2015, the Court gave Plaintiff "one final opportunity" to cure the deficiency and submit an amended complaint on the current court-approved form if he wished to pursue his claims in this action. (ECF No. 15). That same day, October 20, 2015, apparently before receiving the Court's Order, Plaintiff filed his Third Amended Complaint. (ECF No. 16).  Then, on October 26, 2015, apparently in response to the court's October 20, 2015 Order, Plaintiff filed his Fourth Amended Complaint.  (ECF No. 20).

However, as part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that the Fourth Amended Complaint (ECF No. 20) is still deficient

as described in this order. Plaintiff will be directed to cure the following if he wishes to pursue his claims.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1) __ is not submitted
(2) __ is not on proper form (must use the Court's current form)
(3) __ is missing original signature by Plaintiff
(4) __ is missing affidavit
(5) __ affidavit is incomplete
(6) __ affidavit is not properly notarized
(7) __ names in caption do not match names in caption of complaint, petition or application
(8) __ other:

**Complaint or Petition**:
(9) __ is not submitted
(10) __ is not on proper form (must use the court's current form)
(11) __ is missing an original signature by the Plaintiff
(12) _X_ is incomplete (It is missing page 10).
(13) __ uses et al. instead of listing all parties in caption
(14) __ names in caption do not match names in text of Complaint
(15) __ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(16) __ other:

Additionally, Plaintiff's Motion for Default Judgment and Motion for Sanctions will be denied. In his Motion for Default Judgment, Plaintiff argues that he filed his Complaint on September 24, 2015 and that Defendants were properly served a summons and copy of the complaint on September 28, 2015. (ECF No. 21). Plaintiff argues that Defendants had 21 days after service of the summons and complaint, or until October 19, 2015, to file an answer in this case. Plaintiff is mistaken.

As a *pro se* Plaintiff, his complaint is subject to initial review pursuant to D.C.COLO.LCivR 8.1(a). During this initial review, the Court has found – numerous times – that his complaint is deficient. In fact, his latest – Fourth Amended Complaint – is still deficient. The Defendants are not required to file an answer in this case until the

Court has determined that the case is not subject to summary dismissal. If the court concludes that the case is not appropriate for summary dismissal, it will issue an order drawing the case to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c) and 40.1. Accordingly, no response is currently required from the Defendants and Plaintiff's motion for default judgment will be denied.

Next, the Plaintiff filed a motion seeking sanctions against Defendants for violations of Rules 3.4 and 3.5 of the Colorado Rules of Professional Conduct. (ECF No. 22). According to Plaintiff, "upon information and belief" Defendants' counsel have made improper ex parte communications with the Court "including, but not limited to, advising the Court that Plaintiff lacks standing to represent his minor child in this action." Plaintiff then goes on to argue that he does have standing to represent his minor child "because he is an attorney admitted to practice in Florida since 1992" and his "status with the Florida Bar is inactive for medical incapacity not related to misconduct."

Initially, the Plaintiff is mistaken. There has been no ex parte communication with the Court by any of the parties or counsel in this case. Accordingly, Plaintiff's motion seeking sanctions will be denied.

Next, the Court warnd Plaintiff that under Fed. R. Civ. P. 11(b)(3), when he presents a motion, he is certifying that to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." In this case, Plaintiff made blind accusations that have no evidentiary support and were likely made without any reasonable inquiry under the circumstances. Such accusations

– without any basis -- are frowned upon by the Court and not allowed under the federal rules.

Finally, as the Court already ruled, Plaintiff is proceeding *pro se* and as such, he is not permitted to represent his minor daughter in any action in this court. (ECF No. 10); *see* Fed. R. Civ. P. 17(c); 28 U.S.C. § 1654. His status is a *pro se* Plaintiff; the fact that he was admitted to practice law in another state but is currently inactive has no bearing on his *pro se* status.

Accordingly, it is

ORDERED that Plaintiff cure the deficiency designated above **within fourteen (14) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use the form to cure the above noted deficiency. It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiency **within fourteen (14) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice. It is

FURTHER ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 21) is DENIED. It is

FURTHER ORDERED that Plaintiff's Motion for Sanctions (ECF No. 22) is DENIED.

DATED November 3, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge