IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02121-GPG

ANDREW J. O'CONNOR,

    Plaintiff,

v.

TOBEY BASSOFF,
JOLENE RADOSTIS,
RICK KELLOGG,
ROBBYN FERNANDEZ,
BRUCE MESSINGER,
RYAN ELEMENTARY SCHOOL, and
BOULDER VALLEY SCHOOL DISTRICT NO. RE2, individually and severally,

    Defendants.

## ORDER DENYING MOTION

This matter is before the Court on the "Second Amended Emergency Motion for Declaratory Judgment and Injunctive Relief Or, In the Alternative, Request for Emergency Hearing" (ECF No. 17) filed *pro se* by Plaintiff, Andrew J. O'Connor. The Court must construe the motion liberally because Mr. O'Connor is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Construing Mr. O'Connor's motion liberally, the Court will consider it as a Motion for a Temporary Restraining Order and Preliminary Injunction.

Mr. O'Connor has filed a Fourth Amended Complaint where he alleges that he complained about the lack of supervision at his daughter's school and his concerns for

her safety and in response, the Defendants banned him from the school campus. (ECF No. 20). He argues that the Defendants have prohibited him from walking his daughter to class since September 22, 2015. According to Plaintiff, the ban on walking his daughter to her classroom violates his due process rights under the Fifth and Fourteenth Amendments and was done to chill his free speech rights in violation of the First Amendment. Mr. O'Connor seeks preliminary injunctive relief "to remove the prohibition against the father walking his daughter to class; without fear of arrest," or in the alternative, for the Court to hold an emergency hearing on the merits of the motion. (ECF No. 17 at 2.)

A party seeking a preliminary injunction must show: (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore,

"courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.*   If the movant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).   Thus, Mr. O'Connor "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).   Therefore, Mr. O'Connor "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007).

Mr. O'Connor fails to demonstrate, clearly and unequivocally, that he is entitled to a preliminary injunction or temporary restraining order.   Most importantly, Mr. O'Connor fails to allege specific facts that demonstrate he will suffer great and irreparable injury if no preliminary injunction or temporary restraining order is issued.   Mr. O'Connor is banned from walking his daughter to her classroom and entering the school grounds, but he is not banned from walking her to school and saying goodbye at the edge of the school campus. He has failed to demonstrate how any great and irreparable injury will occur if he is not

allowed to accompany his daughter all the way to her classroom.  As there is no basis to find a great and irreparable injury will occur if no preliminary injunction or temporary restraining order is issued, there is no reason for an emergency hearing regarding this motion.  Accordingly, it is

ORDERED that the "Second Amended Emergency Motion for Declaratory Judgment and Injunctive Relief Or, In the Alternative, Request for Emergency Hearing" (ECF No. 17), construed liberally as a Motion for a Temporary Restraining Order and Preliminary Injunction, is DENIED.

DATED at Denver, Colorado, this   3rd   day of    November   , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court