IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02121-GPG

ANDREW J. O'CONNOR,

    Plaintiff,

v.

TOBEY BASSOFF,
JOLENE RADOSTIS,
RICK KELLOGG,
ROBBYN FERNANDEZ,
BRUCE MESSINGER,
RYAN ELEMENTARY SCHOOL, and
BOULDER VALLEY SCHOOL DISTRICT NO. RE2, individually and severally,

    Defendants.

---

SECOND ORDER DENYING TRO MOTION

---

This matter is before the Court on the "Second Motion for a Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(b)(1)(A)" ("TRO Motion") (ECF No. 27), although it is actually the third such motion (*see* ECF No. 11 and 17), filed *pro se* by Plaintiff, Andrew J. O'Connor, in this case. The Court must construe the motion liberally because Mr. O'Connor is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. O'Connor has filed a Fifth Amended Complaint where he alleges that he complained about the lack of supervision at his daughter's school and his concerns for

her safety and in response, the Defendants banned him from the school campus. (ECF No. 28). He argues that the Defendants have prohibited him from walking his daughter to class since September 22, 2015. According to Plaintiff, the ban on walking his daughter to her classroom violates his due process rights under the Fifth and Fourteenth Amendments and was done to chill his free speech rights in violation of the First Amendment. Mr. O'Connor seeks preliminary injunctive relief "to be allowed on school property in order to walk his daughter to her classroom, to pick his daughter up from school or in case of emergency, from attending parent-teacher conferences, PTA meetings, or attending any of his daughter's extracurricular activities . . . ." (ECF No. 27 at 2).

A party seeking a preliminary injunction must show: (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status

quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* If the movant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. O'Connor "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. O'Connor "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007).

Nothing has changed since the Court's November 3, 2015 Order denying Mr. O'Connor's Motion for a Preliminary Injunction (ECF No. 25). Again, in his current TRO motion, he has failed to demonstrate, clearly and unequivocally, that he is entitled to a preliminary injunction or temporary restraining order. Similar to his previous motion, his current TRO motion fails to allege specific facts that demonstrate he will suffer great and irreparable injury if no preliminary injunction or temporary restraining order is issued.

Mr. O'Connor is banned from walking his daughter to her classroom and entering the school grounds, but he is not banned from walking her to school and saying goodbye at the edge of the school campus.   In his current motion, he attempts to expand on how he will be injured by stating that he cannot pick up his daughter in case of emergency, cannot attend parent-teacher conferences, PTA meetings, or any of his daughter's extracurricular activities.   However, the letter from the school principal, which was attached to an earlier version of his complaint, states: "All visits to the school must be approved and pre-arranged through me." (ECF No. 20 at 20).   Unlike the "total ban" that Plaintiff portrays, the letter actually directs him to make arrangements with the principal if he has a reason to visit the school.   He makes no allegations that he has tried to pre-arrange visits to parent-teacher conferences, PTA meetings, extracurricular events, or for any other reason.

Further, he states numerous times in his TRO motion that the ban is "indefinite." (ECF No. at 1, 2, 15).   On the contrary, the email from Defendant Fernandez, Executive Director for Elementary School Leadership for Boulder Valley School District, to Plaintiff, which Plaintiff cites in his Fifth Amended Complaint, stated that Fernandez "was supporting the school in their requirement for you not to enter the school *until you are able to meet and determine how best to work together.*" (ECF No. 28 at 12) (emphasis added). The email indicates that the ban will be in place *until* Plaintiff meets with the school officials.   According to Plaintiff's own factual allegations, he had a meeting scheduled with the school principal, which he skipped.   At one point he says he skipped the meeting because "of illness" (*Id.* at 10), while at another point he states, he "decided not to attend

4

the meeting because of the unnecessary, acrimonious and antagonistic presence of the [BVSD] security guard" (*Id.* at 7).   In any event, it is clear that instead of first attempting to meet with the school officials directly involved, Plaintiff filed a federal complaint.   At this point the ban is only "indefinite" because Plaintiff has refused to meet with school officials.

Accordingly, at this point, the "indefiniteness" of the ban is due to Plaintiff's own actions.   Further, he is able to pre-arrange visits to the school by contacting the principal, and he can walk his daughter to the edge of school property.   As such, Plaintiff has failed to demonstrate how any great and irreparable injury will occur unless his TRO Motion is granted.   Therefore, the TRO Motion will be denied.

Unless the factual circumstances change, Plaintiff is warned any repeated filings of additional TRO Motions will be frowned upon by the Court and may be stricken.

Accordingly, it is

ORDERED that the "Second Motion for a Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(b)(1)(A)" (ECF No. 27) is DENIED.

DATED at Denver, Colorado, this  16th  day of   November   , 2015.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court