IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02121-MJW

ANDREW J. O'CONNOR,

Plaintiff,

v.

TOBEY BASSOFF,
JOLENE RADOSTIS,
RICK KELLOGG,
ROBBYN FERNANDEZ,
BRUCE MESSINGER,
RYAN ELEMENTARY SCHOOL, and
BOULDER VALLEY SCHOOL DISTRICT NO. RE2,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiff's Motion to Recuse Magistrate Watanabe (Docket No. 61) is DENIED for the following reasons.

As recently stated by District Judge Raymond P. Moore:

Pursuant to 28 U.S.C. § 455(a), any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The purpose of § 455(a) is to promote public confidence in the integrity of the judicial process and to avoid even the appearance of impropriety. Similarly, under § 455(b)(1), a judge or magistrate judge should also be disqualified if he has a personal bias or prejudice concerning a party.

A judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality. The issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. The standard is purely objective. The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. The decision to recuse is committed to

>  the sound discretion of the district court.

*Jemaneh v. Univ. of Wyoming*, No. 12-CV-02383-RM-MJW, 2014 WL 1813169, at *1-2 (D. Colo. May 6, 2014) (internal citations, quotation marks, and alterations omitted).

In his motion, Plaintiff sets forth the factual allegations as to the merits of his claim but identifies no grounds for recusal. He makes only two statements that could be considered grounds for this motion.

First, after setting forth the procedural background of Judge Babcock "erroneously" denying several of Plaintiff's motions, Plaintiff notes that in denying the motion yet again, the undersigned "inexplicably, inanely and inappropriately" warned Plaintiff that "further efforts to file the same motion without any material change in the circumstances will likely lead to sanctions, including monetary sanction." (Docket No. 61, pp. 7-8.) Plaintiff makes no effort to explain the inanity he perceives in this statement.

Second, Plaintiff states:

> Evidently, Magistrate Watanabe does not believe in the First Amendment and does not like people that represent themselves in his Court without paying attorney. Magistrate Watanabe has demonstrated bias against Plaintiff at every turn in this litigation and must recuse himself because there is more than the appearance of impropriety. Magistrate Watanabe has been far from fair and impartial and in fact, has been abusive and hostile toward Plaintiff and Plaintiff cannot receive a fair resolution of his claims if Magistrate Watanabe remains in this case.

(Docket No. 61, p.10.) Again, there are no non-conclusory arguments here; no specific facts have been provided to show the bias, abusiveness, or hostility – other than the afore-mentioned warning, which Plaintiff evidently disagrees with.

Without some explanation as to why that warning was "inexplicably, inanely and inappropriately" made, the Court sees no grounds for concluding that has created the appearance of bias. The motion to recuse is denied.

Date: February 2, 2016