IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02121-RM-MJW

ANDREW J. O'CONNOR,

Plaintiff,

v.

TOBEY BASSOFF,
JOLENE RADOSTIS,
RICK KELLOGG,
ROBBYN FERNANDEZ,
BRUCE MESSINGER,
RYAN ELEMENTARY SCHOOL, and
BOULDER VALLEY SCHOOL DISTRICT NO. RE2,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that Plaintiff's Amended Motion to Compel Production of Documents and for Costs Incurred (Docket No. 106) is DENIED.

      On March 11, 2016, Plaintiff filed a motion to compel discovery.  (Docket No. 87.)  On April 5, 2016, the Court denied that motion, stating:

> Plaintiff's motion is insufficient on its face.  Without a specific explanation of Plaintiff's grounds for the motion, the Court has no ability to review Defendants' responses.  See D.C.COLO.LCivR 37.1.  And more importantly, sending a single email and waiting less than a day for a response fails to satisfy Plaintiff's meet-and-confer obligations under Fed. R. Civ. P. 37(a)(1) and D.C.COLO.LCivR 7.1(a).  "The purpose [of such obligations] is to allow the Parties to actually discuss, in a meaningful manner, whether compliance, or a compromise, may be reached without court intervention.  In addition, 'one of the many reasons why Rule 7.1A is in place is to encourage and maintain civility between and among counsel.'"  *Geiger v. Z-Ultimate Self Def. Studios, LLC*, No. 14-CV-00240-REB-NYW, 2015 WL 3396154, at *2 (D. Colo. May 26, 2015).  For a detailed explanation of what the Court's meet-and-confer rules require, the Court directs Plaintiff's attention to *Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (D. Colo. 2003).

(Docket No. 100, pp. 2-3.)

On April 19, 2016, Plaintiff filed an Amended Motion to Compel.  (Docket No. 106.)  This amended motion explains that Plaintiff believes the Court to be biased, to be treating Plaintifff unfairly, to lack credibility, and to accept "every preposterous and disingenuous lie put forth by Defendants."  (*Id.* ¶ 6.)  Plaintiff makes no attempt to address his meet-and-confer obligations under Fed. R. Civ. P. 37(a)(1), nor to discuss the standards set forth in *Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (D. Colo. 2003).

The Court appreciates the difficulty of appearing pro se, and recognizes that Plaintiff is entitled to a relatively lenient application of the rules of procedure.  But the Court has specifically explained the meet-and-confer requirement to Plaintiff and directed Plaintiff to authority establishing the efforts that would satisfy his meet-and-confer obligations.  Instead of complying, Plaintiff added further invective to his motion and re-filed it.  This does not justify reconsideration of the matter.

Plaintiff does further elaborate on the grounds for his motion.  Specifically, he notes that Defendants produced a privilege log, and he believes the privilege log to be abusive and made in bad faith.  Plaintiff does not, however, explain why he believes this, which entries on the log he specifically challenges, or what legal basis he has for believing that specific claim of privilege to be false.  *See* D.C.COLO.LCivR 7.1(a) ("[A] motion involving a contested issue of law shall state under which rule or statute it is filed *and be supported by a recitation of legal authority in the motion*." (emphasis added)).  The Court will not order Defendants to produce 216 purportedly privileged documents for in camera inspection without some particularized and articulable reason to believe that specific entries are falsely designated.  The mere fact that Plaintiff does not trust Defendants is insufficient.

Date: April 20, 2016